UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GARY WASHINGTON,                          )
                                          )
            Petitioner,                   )
                                          )
      v.                                  )          Case No.   4:10CV01099-JCH
                                          )
JEFF NORMAN,                              )
                                          )
            Respondent.                   )

**ORDER**

This matter is before the Court on Plaintiff's Motion for Evidentiary Hearing and Appointment of Counsel, filed December 1, 2010. (Doc. No. 18).

**A.     Appointment of Counsel**

There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, courts consider factors that include whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief, whether the plaintiff will substantially benefit from the appointment of counsel, whether there is a need to further investigate and present the facts related to the plaintiff's allegations, and whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering Plaintiff's Motion for Evidentiary Hearing and Appointment of Counsel in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, the pleadings

filed by Gary Washington indicate that he is capable of presenting the facts and legal issues without the assistance of counsel. Plaintiff's request for appointment of counsel will therefore be denied.

**B.     Evidentiary Hearing**

The Supreme Court has held that "[w]here the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court." Townsend v. Sain, 372 U.S. 293, 312, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963), overruled on other grounds, Keeney v. Tamayo-Reyes, 504 U.S. 1, 5-6, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992). Here, Petitioner received a post-conviction evidentiary hearing. See Respondent's Exhibit G. In addition, Petitioner has not identified with any specificity the "material facts" that were not adequately developed in state court. Because Petitioner has not provided a basis for requiring an evidentiary hearing, Petitioner's request is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Evidentiary Hearing and Appointment of Counsel (Doc. No. 18) is **DENIED**.

Dated this 23rd day of June, 2011.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE