UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY T. WASHINGTON, SR., | ) |
| Petitioner(s), | ) |
| vs. | ) Case No. 4:10CV1099 JCH |
| JEFF NORMAN, | ) |
| Respondent(s). | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Gary Washington, Sr.'s pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On January 15, 2008, in the Circuit Court of the County of St. Louis, Missouri, Petitioner pled guilty to forcible rape and first-degree robbery. (Resp. Ex. A, p. 33). Petitioner was sentenced to fifteen years and ten years imprisonment, with his sentences to run consecutively. (Id., p. 35). Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. Petitioner was subsequently assigned counsel, who filed an amended Rule 29.15 motion on Petitioner's behalf. Petitioner's Rule 29.15 motion was denied without an evidentiary hearing. The motion court's denial of Petitioner's Rule 29.15 motion was affirmed on appeal.

Petitioner is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. In his petition for writ of habeas corpus, Petitioner raises the following five claims for relief[1]:

---

[1] Petitioner's initial Petition contained seven claims for relief. Pursuant to Petitioner's Motion to Amend the Petitioner's Writ 28 U.S.C. § 2254 Striking the Unexhausted Claims ("Second Motion to Amend," ECF No. 36), Petitioner sought to strike his sixth and seventh

(1) Petitioner's plea counsel was ineffective by waiving Petitioner's valid request for disposition of detainers under the Uniform Mandatory Disposition of Detainers Law ("UMDDL")[2];

(2) Petitioner's plea counsel was ineffective by requesting a continuance that continued Petitioner's trial so that Petitioner was not brought to trial within 180 days of Petitioner's request under the UMDDL;

(3) Petitioner's plea counsel was ineffective by failing to properly advise Petitioner regarding his parole eligibility;

(4) There was no factual basis for Petitioner's robbery conviction; and

(5) Petitioner's plea counsel was ineffective by failing to inform Petitioner that the minimum sentence for rape was five years.

(Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By a Person in State Custody ("Petition"), ECF No. 1, p. 3).

## DISCUSSION

**I.  Procedural Default**

A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (citing Benson v. State, 611

---

claims for relief. The Court granted Petitioner's Second Motion to Amend on November 20, 2012, leaving only Petitioner's first, second, third, fourth, and fifth claims for relief.

[2]Petitioner's first claim for relief in his initial Petition alleged Petitioner's appeal counsel was ineffective by "omitting important facts" in Petitioner's amended Rule 29.15 motion. Pursuant to Petitioner's Motion to Amend ("First Motion to Amend," ECF No. 20), Petitioner sought to amend this claim to "ineffective assistant [sic] of trial counsel," which Petitioner asserts he raised in his amended Rule 29.15 motion. The Court granted Petitioner's First Motion to Amend on July 26, 2011. While Petitioner's First Motion to Amend did not specify how Petitioner's plea counsel was ineffective, Petitioner's amended Rule 29.15 motion contained three claims for ineffective assistance of counsel: improper waiver of request for disposition of detainers (i.e., wrongfully voiding Petitioner's request to be brought to trial within 180 days after the filing of his request under the UMDDL), failure to advise of range of punishment, and failure to properly advise of parole eligibility. Since the Petition already alleges the second and third claims for ineffective assistance of counsel contained in Petitioner's amended Rule 29.15 motion, the Court will treat the first ground for relief in the Petition as alleging that plea counsel was ineffective for improperly waiving Petitioner's valid request for disposition of detainers.

S.W.2d 538, 541 (Mo. Ct. App. 1980)). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." Id. (citing Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988)). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 732 (1991).

A federal court cannot reach the merits of a claim that is procedurally defaulted absent a showing of cause and prejudice or a demonstration "that failure to consider the federal claim will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750 (internal quotations and citations omitted); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995). A petitioner who makes no claim of actual innocence cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 315 (1995); Washington v. Delo, 51 F.3d 756, 760-761 (8th Cir. 1995).

In Ground 1, Petitioner asserts his plea counsel was ineffective by waiving Petitioner's valid request for disposition of detainers under the UMDDL.

In Ground 2, Petitioner asserts his plea counsel was ineffective by requesting a continuance that continued Petitioner's trial so that Petitioner was not brought to trial within 180 days of Petitioner's request under the UMDDL.

The Missouri Court of Appeals, Eastern District, found that Petitioner failed to allege facts sufficient to show he was entitled to the protections of the UMDDL in his amended Rule 29.15 motion, and the Court refused to address Petitioner's UMDDL claims. Thus, Petitioner's UMDDL

claims are procedurally defaulted.[3] Petitioner has not established cause for his failure to properly plead his UMDDL claims. Additionally, Petitioner has also not established that he would not have pled guilty absent his plea counsel's alleged errors, so Petitioner has not established any prejudice. Finally, Petitioner has made no claim of actual innocence so as to satisfy the "fundamental miscarriage of justice" exception to the required showing of both cause and prejudice. Therefore, the claims raised in Grounds 1 and 2 of the Petition are procedurally barred and must be denied.

## II.  Non-Cognizable Claims

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); 28 U.S.C. § 2254(a). Claims that do not reach constitutional magnitude cannot be addressed in a petition for habeas corpus. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991).

In Ground 4, Petitioner asserts there was no factual basis for his robbery conviction. Objections to the nature of the evidence obtained by and available to the prosecution will not survive a plea of guilty and are not available on an application for a writ of habeas corpus. U.S. ex rel. Mendez v. Fish, 259 F.Supp. 146, 148 (D.C.N.Y. 1965). A prisoner whose conviction rests upon a plea of guilty and not upon allegedly incompetent evidence is not entitled to any relief in habeas corpus on such ground. Montgomery v. Peyton, 299 F.Supp. 514, 516-17 (D.C. Va. 1969). "A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is

---

[3]The Court also notes that any claim that Petitioner's UMDDL rights were violated by the trial court is not cognizable in a federal habeas proceeding. "Violation by state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition." Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994). Such a claim is based only on Missouri law and actions of Missouri officials, and it may be addressed only by Missouri courts. Id. "A violation of Missouri's speedy trial law, without more, is not cognizable in habeas and does not justify relief under § 2254." Id.

itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." Id. at 516 (quoting Kercheval v. United States, 274 U.S. 220, 223 (1927)).

Therefore, Petitioner's claim that there was no factual basis for his robbery conviction is not cognizable in a federal habeas petition. Ground 4 is denied.

### III.  Claims Addressed On the Merits

#### 1.  Ground 3

In Ground 3, Petitioner asserts plea counsel was ineffective by failing to properly advise Petitioner regarding his parole eligibility. The Rule 29.15 post-conviction motion court denied the claim as follows:

> Movant has not alleged nor is there anything in the record to support any finding that trial counsel affirmatively misinformed Movant of his parole eligibility. Even if Movant's allegation were true that his trial counsel informed him that there were no programs or hurdles besides MOSOP that he would be required to complete before coming eligible for parole, this was not affirmative misinformation about Movant having to serve 85% of his sentence. The percentage of time a prisoner has to serve is a collateral consequence of the guilty plea and only comes into play if trial counsel affirmatively misinforms Movant. There is nothing in the record of the pleadings in this Motion to support such a finding. There is nothing in the record to support a findings that trial counsel failed to exercise the care and skill of a reasonably competent lawyer rendering services under the same or similar circumstances or that Movant was prejudiced by any affirmative misinformation. This claim is without merit and is denied.

(Resp. Ex. A, pp. 101-02).

After the motion court found his claim of ineffective assistance of counsel to be without merit, Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion. The Court of Appeals denied the claim as follows:

> Neither the court nor plea counsel is obligated to inform a defendant about parole eligibility, but erroneous advice about it can affect the voluntariness of a guilty plea. *Hao v. State*, 67 S.W.3d 661, 663 (Mo. App. E.D. 2002)....

>    ...
>
>    The movant did not allege that he asked counsel how much time he would have to serve before becoming eligible for parole....Rather, the movant maintained that he asked counsel, in the context of discussing the completion of the prison's sex-offender treatment program, what other Department of Corrections programs or hurdles he would have to complete. We do not construe plea counsel's response, that there were no others, as erroneous information about the requirement that the movant serve 85 percent of his sentence.
>
>    ...
>
>    Here,...the movant did not ask how much of his sentence he had to serve. Indeed, he was not even discussing this issue with plea counsel; he was discussing prison programs that he would have to complete. When he asked counsel about Department of Corrections programs he had to complete, plea counsel correctly answered the question asked. Under these circumstances, we will not find counsel ineffective for giving erroneous advice because he failed to volunteer information about general parole ineligibility when discussing prison programs.

(Resp. Ex. E, pp. 8-11).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

Under federal law, in order to prevail on his ineffective assistance of counsel claims, Petitioner must show that his attorney's performance was "deficient" and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is

"strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds the Missouri court's ruling is subject to deference. Petitioner fails to show that trial counsel's performance was "deficient" under the first prong of the test in Strickland. Petitioner asserts that he asked plea counsel what he had to do in order to be eligible for parole, and plea counsel allegedly responded that Petitioner had only to successfully complete sex offender treatment. Petitioner faults plea counsel for allegedly failing to volunteer that Petitioner would have to serve 85% of his sentence before being eligible for parole. Plea counsel answered Petitioner's question truthfully, and Petitioner has not shown that plea counsel gave him erroneous advice. Petitioner's trial counsel's actions were not objectively unreasonable, but rather fell within the wide range of professionally competent assistance sanctioned by Strickland, 466 U.S. at 690. Thus, the Missouri court's finding that plea counsel was not ineffective because he failed to volunteer information about general parole ineligibility when discussing prison programs was not an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. Ground 3 of the Petition must therefore be denied.

**2. Ground 5**

In Ground 5, Petitioner asserts plea counsel was ineffective by failing to inform Petitioner that the minimum sentence for rape was five years. The Rule 29.15 post-conviction motion court denied the claim as follows:

> During the entry of the guilty plea, the Court, with assistance of the prosecutor, advised Movant that the penalty range for forcible rape, as charged, was "a minimum of five up to thirty years or life imprisonment". Even after he was advised of this fact, he still entered a guilty plea. Even if trial counsel had earlier misadvised Movant as to the range of punishment, the trial court rectified that alleged error. At that point Movant still had the option to withdraw his guilty plea but he persisted in entering his guilty plea. There is nothing in the record to reflect that trial counsel, in the respect alleged, did not exercise the care and skill of a reasonably competent lawyer rendering services under the same or similar circumstances. It is also important to note that initially Movant was charged with Forcible Rape with the allegation that the Movant "displayed a dangerous instrument in a threatening manner." Such an allegation would make the minimum sentence 10 years. When that allegation was removed in the Amended Information, the five year minimum applied rather than the 10 year minimum. Additionally, even had trial counsel misinformed Movant of the penalty range, the Movant was not prejudiced by any such error because the alleged erroneous information was corrected during the guilty plea process before the Movant entered his guilty plea. The scheduled trial date was subsequent to the date of the guilty plea. Movant also alleges that he thought he was to get the "minimum on the sex charge". During the plea processes the Court was confronted with the Movant's claim that he would receive "a minimum on the sex charge, the rape was ten years." The court corrected Movant's misunderstanding to note that the plea agreement was that he was to receive of a sentence of 15 years for the rape charge. Not only was that higher than the minimum for the sex charge but it was also five years higher than what Movant now claims was told to him by his trial counsel to be the minimum penalty for the rape charge. Movant agreed that was the plea agreement. Movant was not prejudiced by any misinformation provided to him by his trial attorney, if any. This claim is without merit and is denied.

(Resp. Ex. A, pp. 100-01).

After the motion court found his claim of ineffective assistance of counsel to be without merit, Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion. The Court of Appeals denied the claim as follows:

> The record refutes the movant's claim. Even assuming, *arguendo*, that plea counsel told the movant an incorrect minimum sentence, the record shows that the

movant was correctly advised three times, on two different dates, that the minimum sentence was five years for forcible rape as charged in the information in lieu of indictment. If the movant persisted in believing that the minimum sentence was ten years, despite being advised repeatedly that the minimum sentence was five years, then such belief was unreasonable, and he is not entitled to relief.

(Resp. Ex. E, p. 7).

As noted above, with respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

Again, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland, 466 U.S. at 687. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Upon consideration, the Court finds the Missouri court's ruling is subject to deference. The Court holds it need not consider whether Petitioner's trial counsel's performance was deficient under the first prong of the Strickland test since Petitioner fails to establish that he would not have pled

guilty absent his plea counsel's alleged error so as to show the requisite prejudice under the second prong of the Strickland test. As noted by the Court of Appeals, the record shows that Petitioner was advised three times, on two different dates, that the minimum sentence was five years for forcible rape as charged in the information in lieu of indictment. Petitioner nonetheless entered a guilty plea as to this charge. There is nothing to suggest that Petitioner would not have pled guilty in the absence of his plea counsel's alleged mistake. Thus, the Missouri court's finding that plea counsel was not ineffective for improperly advising Petitioner as to the minimum sentence for rape was not an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented. Ground 5 of the Petition must therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this 28th day of May, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE